**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARK DEJONG,**<br>Plaintiff**,**<br>vs.<br>**NATIONSTAR MORTGAGE LLC, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-03653-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff brings the above-captioned action alleging that defendants Nationstar Mortgage LLC, U.S. Bank, N.A., and Barrett Daffin Frappier Treder & Weiss, LLP ("Barret Daffin" or "BDFT&W") violated certain laws, in connection with their attempt to foreclose on his residence located at 29 Old Creek Rd., Petaluma, California 94952 (the "Subject Property"). Specifically, plaintiff alleges the following causes of action: (i) Count One, violation of the Fair Debt Collection Practices Act, 15 U.S.C. sections 1692, *et seq.* (the "FDCPA"); (ii) Count Two, cancellation of instruments, pursuant to California Civil Code section 3413; (iii) Count Three, violation of the California Homeowner's Bill of Rights, Cal. Civ. Code sections 2923, *et seq.* (the "HBOR"); (iv) Count Four, declaratory relief; and (v) Count Five, violation of California's Unjust Competition Law, Cal. Bus. & Profs. Code sections 17200, *et seq*. (the "UCL").

Now before the Court is defendants' motion to dismiss the complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 19.) Plaintiff has opposed, and defendants have filed a reply in support of their motion to dismiss.

Having carefully reviewed the pleadings and the papers submitted on defendants' motion to dismiss, and for the reasons set forth more fully below, the Court **GRANTS** defendants' motion to dismiss as follows: The Court **DISMISSES WITH PREJUDICE** Count Three of the complaint, and **DISMISSES WITHOUT PREJUDICE** Counts One, Two, Four, and Five.[1]

**I.   BACKGROUND**

On June 13, 2007, plaintiff executed a Deed of Trust to borrow $668,000.00 for the purchase of the Subject Property from Citimutual Corporation, doing business as Citymutual Financial. (Dkt. No. 24-1, Compl. Exhibit A at 2.) On May 16, 2012, an assignment of the Deed of Trust was recorded, transferring the same to U.S. Bank, N.A. (Dkt. No. 24-4, Compl. Exhibit D at 2.) Another assignment of the Deed of Trust was recorded on August 30, 2013, appearing to assign all beneficial interests to Nationstar Mortgage, LLC. (Dkt. No. 24-5, Compl. Exhibit E at 2.) However, on December 21, 2015, a corrective assignment was filed explaining that "Bank of America, N.A., the then-servicer of the loan secured by the deed of trust," had inadvertently assigned the Deed of Trust to Nationstar. (Dkt. No. 24-6, Compl. Exhibit F at 2.) Rather, the corrective assignment explained that U.S. Bank, N.A. continued to hold all beneficial interests under the Deed of Trust. (*Id.*) Instead, defendant Nationstar was the servicer for plaintiff's loan. (Compl. at 3:6–11; *see also* Dkt. No. 24-7, Compl. Exhibit G at 2–3.) On May 31, 2016, Barrett Daffin substituted in as a trustee, for U.S. Bank, the current beneficiary under the deed of trust. (Dkt. No. 24-7, Compl. Exhibit G at 2–3.)

Plaintiff alleges the following regarding the servicing of his loan: After the execution of the Deed of Trust, plaintiff alleges that he experienced unforeseen hardships, and was able to secure a loan modification on May 1, 2010. (Compl. at 8:9–13.) Plaintiff defaulted again in 2011, and secured another loan modification with Nationstar on September 1, 2013. (*Id.* at 8:14–23.) Plaintiff alleges that in November 2014, defendant Nationstar "increased [his] mortgage payment by 100%," and in June 2014, plaintiff attempted to obtain another loan modification from defendants. (*Id.* at 8:24–28.) On June 16, 2016, defendant Barrett Daffin executed and recorded a

---

[1] The Court **VACATES** the hearing on defendants' motion to dismiss, currently scheduled for October 3, 2017.

2

1 Notice of Default on the Subject Property. (*Id.* at 10:20–22; Dkt. No. 24-8, Compl. Exhibit H.) On September 20, 2016, defendants recorded a Notice of Trustee's Sale of the Subject Property. (Dkt. No. 24-9, Compl. Exhibit I; Compl. at 11:3–6.) Subsequent to the Notice of Trustee's Sale, defendant Nationstar informed plaintiff that they could not approve his request for a subsequent loan modification. (Dkt. No. 24-3, Compl. Exhibit C.)

The Court understands that no sale of the Subject Property has yet taken place.

## II. LEGAL FRAMEWORK

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure on this ground is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor

3

will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

**III. DISCUSSION**

**A. COUNT ONE: FDCPA CLAIM**

Plaintiff claims that defendants have "violated the FDCPA by attempting to collect on an alleged debt" as a debt collector. (Compl. ¶ 14.) Specifically, plaintiff complains that the initiation of foreclosure proceedings without evidence that defendants have a legal right to initiate the same constitutes a violation of the FDCPA. On that basis, plaintiff alleges that defendants violated several sections of the FDCPA, including sections 1692e(5) (using the "threat to take any action that cannot legally be taken or that is not intended to be taken"); 1692e(6) (use of a "false representation" regarding a sale, referral, or other transfer of any interest); 1692*i* (describing legal actions that debt collectors may take); 1692*j* (prohibiting use of deceptive forms); and 1692f(6) ("[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property," except under certain circumstances).

The FDCPA prohibits certain activities from "debt collectors" engaged in "debt collection." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017). Under the FDCPA, a "debt collector" is, in relevant part:

> any person who . . . [engages] in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who . . . [engages] in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5). Recently, the Ninth Circuit clarified that, as a general matter, the FDCPA does not apply to entities enforcing security interests. *Dowers*, 852 F.3d at 970. Rather, the FDCPA's provisions apply only to those who are engaged in the actual "collection of a money debt." *Id.* However, the Ninth Circuit recognized that, for the purposes of section 1692f(6), the FDCPA's protections run broader, and, under that section only,

4

the FDCPA does apply to entities enforcing security interests, as in a foreclosure action. *Id.* (citing *Ho v. ReconTrust Co., N.A.*, 840 F.3d 618, 622 (9th Cir. 2016)).

Given that context, plaintiff's FDCPA claim can be based only on section 1692f(6) of the FDCPA. That section prohibits a "nonjudicial action to effect dispossession or disablement" of property only if: (i) "there is no present right to possession of the property claimed as collateral through an enforceable security interest;" (ii) "there is no present intention to take possession of the property"; or (iii) the property is exempt by law from dispossession or disablement. 15 U.S.C. § 1692f(6). In that regard, the heart of plaintiff's argument is that defendants are in violation of the FDCPA because they do not actually have the right to possess the property claims as collateral through an enforceable security interest. Specifically, plaintiff argues that, because the security interests were assigned after the debts were already in default, such assignments were invalid.

The Court does not agree. Even accepting that the security interests were transferred after plaintiff was already in default and even accepting plaintiff's characterization of defendants as "debt collectors," plaintiff fails to explain why such transfers would be invalid, thereby stripping defendants of their right to possession of the property. As a general matter in California, borrowers cannot raise any objections to assignments of the note and deed of trust. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016). The California Supreme Court has identified one exception to that general rule in cases where the assignment of the note and deed of trust was void by law, as opposed to voidable. *Id.* at 939 (holding that a "wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust"). Here, plaintiff has not plausibly alleged that the assignments of the note and deed of trust are voidable, let alone void *ab initio*. Rather, the documents attached to the complaint detailing the assignments of the deed of trust and substitution of trustee suggest that defendants have the authority to initiate a foreclosure action on the Subject Property. (Dkt. Nos. 24-4 to 24-7, Compl. Exhibits D–G.) Absent allegations to the contrary, plaintiff cannot sustain an FDCPA claim.

Accordingly, the Court **GRANTS** defendants' motion to dismiss Count One. Out of an abundance of caution, the Court gives plaintiff leave to amend, to the extent that he can properly allege that the assignments here are void as a matter of law.

### B. COUNT TWO: CANCELLATION OF INSTRUMENTS

California Civil Code section 3413 provides that an instrument, "the invalidity of which is apparent on its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury." Plaintiff simply argues, without support, that all of the foreclosure documents appear on their face to be invalid because defendants have not executed or recorded documents demonstrating a legally effective assignment of the deed of trust. For the same reasons stated above, plaintiff does not persuade.

Accordingly, the Court **GRANTS** defendants' motion to dismiss Count Two of the complaint, and gives leave to amend only to the extent that plaintiff can properly allege that the assignments are void as a matter of law.

### C. COUNT THREE: HBOR CLAIM

Plaintiff's HBOR claim stems from an alleged violation of California Civil Code section 2923.6, which limits the ability of a lender to issue a notice of default or a notice of sale, or conduct a trustee's sale on a "first lien loan modification" until one of three conditions occur: (1) the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period has expired; (2) the borrower does not accept an offered first lien loan modification within fourteen days of the offer; or (3) the borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification. Cal. Civ. Code § 2923.6(c)(1)–(3). Additionally, "to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay," HBOR states:

> [T]he mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous

6

1 application and that change is documented by the borrower and submitted to the mortgage servicer.

2 Cal. Civ. Code § 2923.6(g); *see also Duran v. World Sav. Bank, FSB*, No. 16-CV-01938-SJO, 2016 U.S. Dist. LEXIS 67280, at *8 (C.D. Cal. Apr. 29, 2016) (finding that plaintiffs' claims under section 2923.6 were precluded because plaintiffs had previously received a loan modification) (citing *Deschain v. IndyMac Mortg. Servs.*, 617 F. App'x 690, 693–94 (9th Cir. 2015); Cal. Civ. Code § 2923.6(c)(3) (stating that a lender can proceed with a sale if a "borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification").

Here, plaintiff's allegations foreclose the existence of a claim under section 2923.6. Plaintiff alleges that he was previously approved for loan modifications on May 1, 2010 and September 1, 2013. (Compl. at 8:10–23.) Plaintiff then alleges that he reached out to defendants in June 2015 to request a further loan modification, and that in December 2016, defendants notified plaintiff that he was not eligible for one. (*Id.* at 8:24–9:4; *see also* Dkt. No. 24-3, Compl. Exhibit C (denial letter explaining reasons for rejecting loan modification application).) Thus, under either section 2923.6(c)(3) or 2923.6(g), plaintiff cannot sustain a claim under HBOR.

Accordingly, and because the Court finds that any amendment consistent with the current pleadings would be futile, the Court **GRANTS** defendants' motion and **DISMISSES WITH PREJUDICE** Count Three of the complaint.

### D. COUNT FOUR: DECLARATORY RELIEF

Plaintiff's fourth cause of action is for declaratory relief pursuant to California Code of Civil Procedure § 1060, which provides that:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises . . . .

Plaintiff's claim for declaratory relief relies on the existence of other causes of action. As discussed herein, the Court finds that plaintiff has failed to allege any viable causes of action.

Accordingly, the Court **GRANTS** defendants' motion to dismiss. The Court grants leave to amend Count Four only to the extent that plaintiff can adequately allege another cause of action.

### E. COUNT FIVE: UCL CLAIM

Finally, plaintiff also brings claims under the UCL, which prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A plaintiff may allege an unlawful, an unfair, or a fraudulent act to establish liability under the UCL. *See Cel-Tech Comm'cs, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). To state a claim under the unlawful prong of the UCL, plaintiff may allege the commission of any act "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994). With respect to the unfair prong, an act or practice is unfair if the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *See Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 81 (2013) (citations omitted). With respect to the fraudulent prong, the UCL requires "only a showing that members of the public are likely to be deceived" by the allegedly fraudulent practice. *Id.* Additionally, to sustain a claim under the fraudulent prong of the UCL, plaintiffs must plead "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Hutson v. Am. Home Mortg. Servicing, Inc.*, No. 09-CV-1951-PJH, 2009 WL 3353312, at *16 (N.D. Cal. Oct. 16, 2009).

Again, plaintiff's claims in this regard rely on the existence of an underlying violation related to defendants' enforcement of the deed of trust through a notice of default and a notice of foreclosure sale. As discussed herein, plaintiff has failed to plead adequately such a violation.[2]

---

[2] Additionally, the Court understands that no foreclosure sale has yet taken place. In light of that, plaintiff has also failed to allege an injury-in-fact sufficient to satisfy the UCL's standing requirement. Standing under the UCL requires that the plaintiff suffer "an injury in fact and lost money or property as a result of" the alleged unlawful, unfair, or fraudulent conduct. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-1390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011); *see also Hosseini v. Wells Fargo Bank, N.A.*, No. 13-CV-02066-DMR, 2013 WL 4279632, at *8 (N.D. Cal. Aug. 9, 2013) (finding no standing under the UCL where no foreclosure sale had yet taken place, and plaintiff only included the conclusory allegation that they were injured as a result of defendant's practices); *cf. Peterson v. Wells Fargo Bank, N.A.*, No. 13-CV-3392-MEJ, 2014 WL 1911895, at *7 (N.D. Cal. May 13, 2014) (finding sufficient for standing under the UCL allegations that plaintiff spent money improving the property in reliance on defendant's promise to modify the loan even where no foreclosure sale had taken place).

8

Accordingly, the Court **GRANTS** defendants' motion to dismiss Count Five. The Court grants leave to amend, only if plaintiff can adequately plead an underlying violation and an injury to satisfy the UCL's standing requirement.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss as follows: The Court **DISMISSES WITH PREJUDICE** Count Three of the complaint, and **DISMISSES WITHOUT PREJUDICE** Counts One, Two, Four, and Five. Plaintiff may file, consistent with this Order and Rule 11 obligations, an amended complaint within twenty-one (21) days of this Order. If plaintiff does not file a timely amended complaint, the Court will dismiss Counts One, Two, Four, and Five with prejudice. If plaintiff files a timely complaint, defendant shall have twenty-one (21) days thereafter to file a response.

The Court **VACATES** the case management conference currently set for October 2, 2017.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: September 7, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**